**SO ORDERED.**

**SIGNED this 23rd day of November, 2021.**



*Dale L. Somers*
Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online publication only
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| In re: | |
| Jeffrey M. Parsons, | Case No. 18-12462-12 |
| Debtor. | |
| Jeffrey M. Parsons, | |
| Plaintiff, | Adversary No. 21-5002 |
| v. | |
| Mark Parsons, Trustee of the Frances H. Parsons Living Trust, *et al.*, | |
| Defendants. | |

**Memorandum Opinion and Order
Granting Motion for Summary Judgment**

Plaintiff/Debtor Jeffrey M. Parsons is the owner of an undivided partial interest in four large tracts of real property in Texas. Debtor filed a Chapter

1

12 petition several years ago but has become delinquent in plan payments and seeks to sell his and the co-tenants' interests in the property under 11 U.S.C. § 363(h).[1] Seven of the eight co-owners oppose the sale, relying on subsection (h)(4) of § 363, which prohibits such sales if the property is "used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."

Debtor moves for summary judgment, arguing the only basis for opposing the proposed sale is invalid as a matter of law.[2] The opposing co-owners counter there is a material issue of fact precluding summary judgment on the applicability of subsection (h)(4).[3] Because the Court concludes Debtor is entitled to pursue a sale under § 363(h) even if the facts are as the opposing co-owners contend, and therefore the dispute of fact is immaterial, the Court concludes Debtor is entitled to judgment as a matter of law. The Court therefore grants Debtor's motion for summary judgment.[4]

## I. Findings of Fact

Debtor filed a Chapter 12 petition on December 28, 2018. In his petition, Debtor disclosed no interest in real property other than his

---

[1] All future references to title 11 of the United States Code will be to section number only.
[2] Debtor appears by Dan W. Forker, Jr.
[3] The opposing co-owners appear by William H. Zimmerman, Jr.
[4] Doc. 52.

homestead, but in his amended plan, confirmed on January 15, 2020,[5] Debtor disclosed an interest in four tracts of real estate in Lipscomb County, Texas. Specifically, per an appraisal attached as Exhibit 3 to the amended plan, Debtor has a 20% undivided interest in 2536 acres in Lipscomb County, Texas.[6] The confirmation order for the amended plan notes the Texas property is security for two lenders: Conway Bank and First National Bank of Hutchinson.[7] Debtor's interest in the Texas property has an agreed value of $315,000, and Debtor planned to make yearly payment of $25,276.41, beginning August 1, 2020, on the claims secured by the Texas property. Debtor has become delinquent on his plan payments.[8]

On January 22, 2021, Debtor filed an adversary proceeding seeking sale of the non-debtor co-tenants' interest in the property under § 363(h).[9] The Texas property is owned in co-tenancy, with the partial interests divided as follows:

| 1/5th | Debtor (Jeffrey Parsons) |
| 1/5th | Mark Parsons, Trustee of the Frances H. |

---

[5] Case No. 18-12462, Doc. 158 (Order of Confirmation of Debtor's Amended Plan of Reorganization); Doc. 131 (Amended Chapter 12 Plan).

[6] *Id.*, Doc. 131 Exh. 3.

[7] *Id.*, Doc. 158 p. 6-7.

[8] *Id.*, Doc. 250 (Chapter 12 Trustee's motion to dismiss); Doc. 258 (Debtor's response).

[9] Under Federal Rule of Bankruptcy Procedure 7001(3), an adversary proceeding is required "to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property."

3

|        | Parsons Revocable Trust |
|--------|------------------------|
| 1/5th  | Michelle Kelly Weins, Trustee of the Michelle Kelly Weins Trust |
| 1/15th | Robert and Marjory Burchfiel |
| 1/15th | Dennis Burchfiel |
| 1/15th | James Burchfiel |
| 1/15th | Darlyne Burchfiel, Trustee of the Darlyne M. Burchfiel Trust |
| 1/15th | Mary Louise Jensen |
| 1/15th | Daniel and Marian Burchfiel, Trustees of the Daniel and Marian Burchfiel Trust |

Defendants Conway Bank[10] and First National Bank of Hutchinson[11] filed answers indicating they did not object to the proposed sale. Debtor reported to the Court that the answer of Defendant Mark Parson, Trustee of the Frances H. Parsons Revocable Trust,[12] objecting to the sale had been resolved.[13] The complaint therefore proceeds against the following Defendants who are co-owners of the property: (1) Michelle Kelly Weins, Trustee of the Michelle Kelly Weins Trust; (2) Robert and Marjory Burchfiel; (3) Dennis Burchfiel; (4) James Burchfiel; (5) Darlyne Burchfiel, Trustee of the Darlyne M. Burchfiel Trust; (6) Mary Louise Jensen; and (7) Daniel and Marian Burchfiel, Trustees of the Daniel and Marian Burchfiel Trust. Hereinafter, the Court will refer to these Defendants as the co-owners.

---

[10] Doc. 9 ¶ 19.
[11] Doc. 15 ¶ 8.
[12] Doc. 30.
[13] Doc. 42.

In his motion for summary judgment, Debtor asserts, through citation to discovery responses and an expert report, that partition of the Texas property would be impracticable, sale of Debtor's estate's undivided interest in the Texas property would realize significantly less for the estate than the sale of the Texas property free of the interests of the co-owners, and the benefit to Debtor's estate of the sale of the Texas property free of the interests of the co-owners outweighs the detriment to the co-owners.[14] The co-owners do not counter these facts.

Addressing subsection (h)(4) of § 363, Debtor's motion for summary judgment asserts the Texas property is not used in the production, transmission, or distribution for sale of electric energy or natural gas for heat, light, or power. The co-owners counter with an affidavit from one co-owner that the Texas property "has been producing natural gas [] which has sold upstream for decades, with proceeds from such sales being distributed to the various heirs/defendants."[15] The affidavit references what appears to be a summary of payments to the co-owner from Melbourne Oil Co., purporting to evidence gas sales on certain acres, although it is undated and few

---

[14] These statements are supported by citation to the co-owners' answer to Debtor's complaint, discovery responses, and an expert report assessing the Texas property. Doc. 53 Exh. D.
[15] Doc. 59.

descriptions are given of the data thereon.

## II. Analysis

Adversary proceedings concerning the sale of property and liquidation of assts of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(N) and (O), over which this Court may exercise subject matter jurisdiction.[16]

### A. Summary Judgment Standards

Federal Rule of Civil Procedure 56 requires a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] When analyzing a summary judgment motion, the Court draws all reasonable inferences in favor of the non-moving party.[18] An issue is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[19] "Material facts" are those that

---

[16] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

[17] Rule 56 is incorporated and applied in bankruptcy courts under Federal Rule of Bankruptcy Procedure 7056.

[18] *Taylor v. Roswell Indep. Sch. Dist.*, 713 F.3d 25, 34 (10th Cir. 2013).

[19] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

are "essential to the proper disposition of [a] claim" under applicable law."[20]

The moving party bears the initial burden of demonstrating—by reference to pleadings, depositions, answers to interrogatories, admissions, or affidavits—the absence of genuine issues of material fact.[21] If the moving party meets its initial burden, the nonmoving party cannot prevail by relying solely on its pleadings.[22] "Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation."[23] Under this Court's Local Bankruptcy Rules, "[t]he court will deem admitted . . . all material facts contained in the statement of the movant unless the statement of the opposing party specifically controverts those facts."[24]

In response to Debtor's motion for summary judgment, the co-owners respond to only one statement of fact propounded by Debtor, concerning the use of the Texas property in the production of natural gas. As a result, the Court deems admitted all material facts contained in Debtor's motion that are supported "by affidavit, declaration under penalty of perjury, and/or

---

[20] *Id.*
[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[22] *United States v. Dawes*, 344 F. Supp. 2d 715, 717–18 (D. Kan. 2004) (citing *Anderson*, 477 U.S. at 256).
[23] *Id.*
[24] D. Kan. LBR 7056.1(a).

through the use of relevant portions of pleadings depositions, answers to interrogatories and responses to requests for admissions."[25] The Court's analysis focuses on whether the uncontroverted facts entitle Debtor to favorable judgment as a matter of law.[26]

### B. Section 363(h)

Section 363(h) permits "the trustee"[27] to sell both the estate's interest . . . and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety." But these sales may proceed "only if" the following statutory conditions are met:

> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would

---

[25] D. Kan. LBR 7056.1(d).

[26] *See ReVest LLC v. Long (In re Long)*, No. 09-12827, 2011 WL 976460, at *1 (Bankr. D. Kan. Mar. 1, 2011) ("Once the Court determines which facts are not in dispute, it must then determine whether those uncontroverted facts establish a sufficient legal basis upon which to grant movant judgment as a matter of law.").

[27] As an initial matter, § 363(h)'s reference to "the trustee" is not a bar to that section's applicability in this case. The commencement of a bankruptcy case creates an "estate," which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). When a Chapter 12 plan is confirmed, "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." § 1227(b). Here, the confirmed amended plan provides for vesting at discharge. Doc. 131, p. 2 ¶ 3. Therefore, Debtor remains a debtor in possession, and under § 1203, a debtor in possession has all the rights of a trustee, with specified exceptions not applicable here. *See* § 1203 (giving the debtor in possession the rights and powers of a trustee).

8

> realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The movant under § 363(h) has the burden to prove each element of the statute.[28]

All four elements of § 363(h) must be shown before a proposed sale can be authorized.[29] In this proceeding, the first three elements are established by the co-owners' failure to respond to the asserted facts establishing those elements in the motion for summary judgment. Each asserted fact is properly supported by reference to underlying documents. Debtor responds only to the facts concerning the applicability of subsection (h)(4), concerning the use of the property in the production of natural gas. Therefore, only the fourth element is in dispute, namely, whether the Texas property is "used in the production, transmission, or distribution, for sale, of electric energy or of

---

[28] *In re Youngquist*, No. 11-10135, 2012 WL 243763, at *3 (Bankr. D. Kan. Jan. 24, 2012) (discussing the "benefit to the estate" element of § 363(h)); *Gabel v. Spicer (In re Gabel)*, 353 B.R. 295, 301 (Bankr. D. Kan. 2006) (placing burden on movant to prove the required elements of § 363(h)).

[29] 2 *Collier on Bankruptcy* ¶ 363.09 (Richard Levin & Henry J. Sommer eds., 16th ed.).

9

natural or synthetic gas for heat, light, or power."

## C. The Limited Protection of Subsection (h)(4)

Debtor asserts the co-owners' reliance on the fact that there are oil and gas wells located on the Texas property is insufficient as a matter of law to satisfy subsection (h)(4). The co-owners respond that the production of natural gas for sale upstream is sufficient to meet subsection (h)(4)'s bar to sales under § 363(h).[30]

This Court starts its analysis with the statute's structure, and the plain meaning of the words used in the Code.[31] The purpose of § 363(h) is to

---

[30] The declaration attached in support of the co-owners' response to the motion for summary judgment is insufficient to meet the requirements of Federal Rule of Civil Procedure 56(c)(4), applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7056. Rule 56(c)(4) requires declarations made to oppose a motion for summary judgment be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. The declaration does not state it was made on personal knowledge and does not state the declarant is competent to testify on the matters stated. As a result, the co-owners fail to lay the proper foundation for admission of the declaration, and therefore fail to properly oppose the motion for summary judgment; only admissible evidence can be considered in ruling on such a motion. *See* D. Kan. LBR 7056.1(d) ("Affidavits or declarations must be made on personal knowledge and by a person competent to testify to the facts stated that admissible in evidence."). In addition, it is difficult to see how the document attached to the declaration would be admissible in evidence as it currently stands. The document is not dated and has very few descriptors. The co-owners have not complied with Rule 56 or D. Kan. LBR 7056.1, and on that basis alone, the motion for summary judgment could be granted.

[31] *First Nat'l Bank of Durango v. Woods (In re Woods)*, 743 F.3d 689, 694 (10th Cir. 2014) ("We begin our analysis by examining the subsection's structure, as the meaning of statutory language, plain or not, depends on context." (internal quotation omitted)).

10

address the problem in bankruptcy that arises "when fewer than all co-owners of property have filed for bankruptcy protection."[32] The Code provides a mechanism to realize the bankruptcy estate's interest in property owned as a tenant in common, a joint tenant, or tenant by the entirety, but places limits on that power to protect certain categories of co-owners. One of those categories of co-owners is defined in subsection (h)(4).

The plain reading of this portion of the statue requires satisfaction of several clauses. The statute extends protection to properties that are: (1) used in "the production, transmission, or distribution" of "electric energy or of natural or synthetic gas;" (2) for sale; (3) "for heat, light, or power." Here, the co-owners satisfy the first two clauses: the Texas property is used in the production of natural gas, that is then sold. But the co-owners fail to address the third clause: "for heat, light, or power." This clause implies the protection is for property used in the production of natural gas sold downstream, to consumers, "for heat, light, or power."[33] The co-owners unequivocally declare

---

[32] *In re Crow*, No. WY-18-083, No. WY-18-086, 2019 WL 6335963, at *12 (10th Cir. BAP Nov. 26, 2019).

[33] *See e.g.*, *Zehentbauer Family Land LP v. Chesapeake Exploration, LLC*, 450 F. Supp. 30 790, 797 (N.D. Ohio 2020) (describing relationship of upstream products to midstream companies that buy raw or unprocessed oil and gas and downstream companies that sell refined oil and gas products to consumers); *In re Extraction Oil & Gas*, 622 B.R. 608, 613-14 (Bankr. D. Del. 2020) ("The oil and gas industry can be broken up into three segments: (i) upstream, (ii) midstream, and (iii) downstream. Upstream activities are mainly 'Exploration and Production' or

11

that they produce natural gas that is sold upstream.

In addition to this plain reading of the statute, per a leading treatise, subsection (h)(4) was added to § 363(h) specifically to protect public utilities, not land owners with mineral rights:

> The last limitation is intended to protect public utilities from being deprived of power sources as a result of the bankruptcy of a co-owner. Joint ownership of power generation facilities has long been common in the utility industry, and joint ownership is typically held through tenancy in common for regulatory and rate-making reasons. The risk of sale of an entire power plant upon the bankruptcy of one of its co-owners could seriously impair the ability of utilities to obtain financing for jointly owned projects. Thus, Congress excepted jointly owned utility generation assets from section 363(h).[34]

The legislative history is clear that the protection afforded by subsection (h)(4) is limited.[35]

---

E&P activities that focus on locating and extracting hydrocarbons from beneath the surface. Common upstream assets include mineral leases, producing wells, and associated production equipment. The midstream sector includes the activities involved in gathering, transporting, processing, and storing hydrocarbons. Common midstream assets include gathering pipelines, separation facilities, and tankage. The downstream sector is focused on the marketing and distribution of the products derived from the extracted hydrocarbons to the ultimate end users. Common downstream assets include refineries and retail sites.").

[34] 3 *Collier on Bankruptcy* ¶ 363.08 (Richard Levin & Henry J. Sommer eds., 16th ed.).

[35] 124 Cong. Rec. H11093 (daily ed. Sept. 28, 1978) ("Section 363(h) of the House amendment adopts a new paragraph (4) representing a compromise between the House bill and the Senate amendment. The provision adds a limitation indicating that a trustee or debtor in possession sell jointly owned property only if the property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power. This limitation is intended to protect public utilities from being deprived of power

Further, the only cases that have considered subsection (h)(4) also support this interpretation. For example, *In re Levenhar* notes that subsection (h)(4) was added to the Bankruptcy Reform Act as a compromise measure, shortly before enactment, "to protect public utilities from being deprived of power sources as the result of the bankruptcy of a co-owner."[36] A second case, *In re Warkentin*, analyzed the scope of the protection afforded by subsection (h)(3) against the argument that the production of power for personal use would qualify.[37] The court rejected the argument, concluding that while the opponent to the sale "generated electrical energy for personal use" through solar panels and a windmill, he did not sell any of that energy to the public, and thus did not qualify for protection under § 363(h)(4).[38]

In this case, the co-owners argue their interests are protected from sale under § 363(h) because of the production of natural gas on the Texas property that is sold upstream. Even if the co-owners established such facts, they are immaterial. Section 363(h)(4) does not prohibit sales of property that

---

sources because of the bankruptcy of a joint owner."); 124 Cong. Rec. S17,409 (daily ed. Oct. 6, 1978) (same).

[36] 24 B.R. 331, 332 n.1 (Bankr. E.D.N.Y. 1982) (citing 2 Bankr. L. Ed., Code Commentary and Analysis, § 15.42).

[37] No. 08-41257-JDP, 2010 WL 3075322, at *6 (Bankr. D. Idaho Aug. 5, 2010) ("Defendant testified that he produces at least a portion of his own power on this rural property.").

[38] *Id.*

otherwise meet the requirements for sale under that section simply because natural gas is produced on the property. Debtor has therefore established all elements to support a sale under § 363(h) and is entitled to judgment as a matter of law.

### III. Conclusion

Debtor's motion for summary judgment[39] is granted. Per a prior Order on Debtor's motion to extend,[40] a pretrial order in this matter was due twenty-one days after the Court issues a ruling on Debtor's motion for summary judgment. Because of the Court's grant of summary judgment, no pretrial order is necessary. In addition, Debtor previously moved for sanctions based on the co-owners' failure to respond to discovery. Again, because of the Court's ruling on the legal issues in this proceeding, that motion is moot. The status hearing previously scheduled for January 12, 2022, on the motion for sanctions is cancelled.

Debtor reports that it has agreement to its proposed sale from three Defendants herein. Before this Court can enter a final Judgment in this proceeding, the parties must file some documentary evidence of those Agreed Judgments.

---

[39] Doc. 52.
[40] Doc. 57.

A status conference on the Chapter 12 Trustee's motion to dismiss in Debtor's main bankruptcy case remains scheduled for January 12, 2022. The adversary proceeding will also be heard that day so the Court may assess progress toward ultimate Judgment in the adversary.

**It is so Ordered**.

# # #